IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ANTHONY K. ARCENEAUX §<br>　　Plaintiff §<br>§<br>V. §<br>§<br>KILGORE CONSTRUCTION, LLC, §<br>*d/b/a Kilgore Industrial*, §<br>and LION ELASTOMERS, LLC, §<br>　　Defendants. § | CIVIL ACTION NO. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, ANTHONY K. ARCENEAUX ("Plaintiff" or "Arceneaux") complaining of KILGORE CONSTRUCTION, LLC, *d/b/a Kilgore Industrial*, ("Kilgore") and LION ELASTOMERS, LLC ("Lion") (collectively "Defendants") and for cause of action would respectfully show unto this Honorable Court as follows:

1. This is an action brought pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and particularly as amended by the Civil Rights Act of 1991 (hereinafter "Title VII"), and 42 U.S.C. § 1981 to correct unlawful discrimination practices in the workplace on the basis of race which have been engaged in by Defendants to the detriment of Plaintiff.  This is an action for lost income and benefits, past, present and future, as well as other actual damages incurred by Plaintiff as a result of the discriminatory and retaliatory treatment he received at the hands of Defendants, together with an action for punitive damages based on the conduct of Defendants.

2. Plaintiff also asserts a claim under Texas law that Defendant Lion engaged in tortious interference of Plaintiff's existing contract with Defendant Kilgore.  Plaintiff seeks to recover actual damages and punitive damages for Defendant Lion's malicious, tortious interference.

### A.   PARTIES

3. Plaintiff in this action is ANTHONY K. ARCENEAUX, who is a citizen of the State of Texas, and a resident of Jefferson County, Texas.  Plaintiff is African American.

4. Defendant, KILGORE CONSTRUCTION, LLC, *d/b/a Kilgore Industrial*, is a limited liability company organized under the laws of the State of Texas.  Kilgore Industrial is an assumed name of Kilgore Construction, LLC.  Kilgore may be served with process by serving its registered agent, Stuart C. Yoes, at 3535 Calder Avenue, Suite 235, Beaumont, Texas, 77706-5036.

5. Defendant, LION ELASTOMERS, LLC, is a limited liability company organized under the laws of the State of Delaware.  Lion may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201.

### B.   JURISDICTION

6. The Court has jurisdiction over this action because it arises under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e *et seq*.  *See* 42 U.S.C. § 2000e5-(f)(3) (stating that United States District Courts shall have jurisdiction over actions brought under Title VII).

7. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claim of tortious interference with an existing contract against Defendant Lion because Plaintiff's claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### C.   VENUE

8. Venue is proper in the Eastern District of Texas, Beaumont Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

9.  Venue is also proper in the Eastern District of Texas, Beaumont Division under 42 U.S.C. § 2000e5-(f)(3) because Defendants' unlawful employment practices were committed in this state.

### D.  EXHUASTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff has complied with all pre-requisites for bringing an action under Title VII. Specifically, Plaintiff timely filed charges of discrimination against Defendants Kilgore and Lion with the Equal Opportunity Employment Commission ("EEOC"). *See* Exhibit A (Kilgore) and Exhibit B (Lion). Plaintiff files this complaint within 90 days of receiving notices of the right to sue from the EEOC. A copy of the notices of the right to sue are attached as Exhibits C (Kilgore) and D (Lion). *See* 42 U.S.C. § 2000e5-(f)(1). All other conditions precedent have been satisfied.

### E.  RACIAL DISCRIMINATION UNDER TITLE VII

11. Plaintiff is an employee within the meaning of Title VII. *See* 42 U.S.C. § 2000e-(f). Plaintiff also belongs to a class protected under this statute, namely Plaintiff is African American.

12. Defendant Kilgore is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. *See* 42 U.S.C. § 2000e-(a); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504-05 (2006).

13. Defendant Lion is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. *See* 42 U.S.C. § 2000e-(a); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504-05 (2006).

14. Plaintiff began working for Kilgore as a Forklift Operator in May 2014. In January 2015, Kilgore promoted Plaintiff to foreman.

15. During Plaintiff's employment with Kilgore, Kilgore provided Lion with industrial services related to rubber reprocessing and production at Lion's industrial plant located in Port Neches, Texas (the "Lion Jobsite"). Plaintiff was assigned to work at the Lion Jobsite.

16. While Plaintiff was serving as Kilgore's foreman at the Lion Jobsite, he was frequently approached by Mark Henson ("Henson"), a production supervisor at Lion, about African-American employees being managed by Plaintiff. On numerous occasions, Henson asked Plaintiff to remove and replace African-American employees at the Lion Jobsite. During this time, Plaintiff also observed that Lion had no African-American supervisors in its production area.

17. Subsequently, in October of 2015, a letter was issued by James Mosely ("Mosely"), Lion's Assistant Plant Manager, which listed employees who could remain working at the Lion Jobsite. Unsurprisingly, Plaintiff, as an African-American supervisor, was not on the list of employees to remain at the Lion Jobsite despite his satisfactory performance.

18. On or about October 23, 2015, Joshua Calhoun ("Calhoun"), an employee of Kilgore and Plaintiff's supervisor, told Plaintiff that Plaintiff would not be returning to the Lion Jobsite because, according to Calhoun, a supervisor was no longer needed at the Lion Jobsite. Calhoun also told Plaintiff that Kilgore had no more work for Plaintiff, effectively and constructively terminating Plaintiff's employment.

19. Shortly thereafter, despite Calhoun's statements that a foreman was no longer needed at the Lion Jobsite, Randy Christian ("Christian"), a white male, was made foreman at the Lion Jobsite. Prior to his termination, Plaintiff had been working with and training Christian to work

at the Lion jobsite.   Apparently, Defendants preferred Christian's skin color to that of the Plaintiff.

20.     Defendants intentionally discriminated against Plaintiff because of his race, in violation of Title VII, by discharging Plaintiff from his employment as foreman, mispresenting that work was no longer available for him, and subsequently replacing him with a white male as foreman of the Lion Jobsite.

21.     Defendant Kilgore is strictly liable for Calhoun's discriminatory conduct because Calhoun took a tangible employment action against Plaintiff—*i.e.*, removing him from the Lion Jobsite and telling him that there was no longer any work for him—that significantly changed Plaintiff's employment status.

22.     Defendant Lion is strictly liable for Mosely's discriminatory conduct because Mosely took a tangible employment action against Plaintiff—*i.e.*, issuing the October 2015 letter that excluded Plaintiff from the list of employees to remain at the Lion Jobsite—that significantly changed Plaintiff's employment status.  Mosely's actions were no doubt motivated or influenced by the demonstrated racial animus of his subordinates such as Henson towards African Americans, particularly African-American supervisors. *See Zamora v. City of Houston*, 798 F.3d 326, 332 (5th Cir. 2015).

23.     As a result of the foregoing unlawful discriminatory practices of Defendants, Plaintiff was discriminated against based on his race.  Plaintiff has suffered unjust hardships resulting from Defendants' conscious disregard of Plaintiff's rights.   Such actions are and were intentional, in bad faith, and in total disregard of Plaintiff's rights.  Due to the actions of Defendants, Plaintiff has suffered and will continue to suffer damages and is therefore, entitled to

recover damages for mental anguish, actual and compensatory damages, lost wages, past and future damages, and punitive damages due to the nature of the actions of Defendants.

### F. RACIAL DISCRIMINATION UNDER 42 U.S.C. §1981

24. Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs, and asserts these allegations with facts necessary as to the claims for discrimination under 42 U.S.C. §1981.

25. Plaintiff is a member of a protected class, namely African-American.

26. At all times relevant, Plaintiff was in a contractual relationship with Defendant Kilgore within the meaning of 42 U.S.C. §1981. An employee subject to at-will termination under Texas law nevertheless has a "contract" with his employer, as required to maintain a §1981 racial discrimination action against employer. *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1050 (5th Cir. 1998).

27. Defendant Kilgore, by and through Calhoun's actions and conduct, intentionally discriminated against Plaintiff by removing him as foreman at the Lion jobsite because he was African American and terminating his employment.

28. Defendant Lion, by and through Mosely's actions and conduct, acted in a discriminatory manner that impaired Plaintiff's contractual rights with Defendant Kilgore. *See* 42 U.S.C. § 1981(c).

29. As a result of the foregoing unlawful discriminatory practices of Defendants, Plaintiff was discriminated against based on his race. Plaintiff has suffered unjust hardships resulting from Defendants' conscious disregard of Plaintiff's rights. Such actions are and were intentional, in bad faith, and in total disregard of Plaintiff's rights. Due to the actions of Defendants Plaintiff has suffered and will continue to suffer damages and is therefore, entitled to

recover damages for mental anguish, actual and compensatory damages, lost wages, past and future damages, and punitive damages due to the nature of the actions of Defendants.

### G. TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

30. Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs, and asserts these allegations with facts necessary to claims against Defendant Lion for tortious interference with an existing contract.

31. Plaintiff had a valid employment at-will contract with Kilgore. *See Fadeyi*, 160 F.3d at 1050 (noting that an employment at-will relationship is a "contract"); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 689 (Tex. 1989) ("the terminable-at-will-status of a contract is no defense to an action for tortious interference with its performance"); *AmeriPath, Inc. v. Herbert*, 447 S.W.3d 319, 342 (Tex. App.—Dallas, 2014, pet. denied).

32. Defendant Lion had reason to know of Plaintiff's contract with Defendant Kilgore and Plaintiff's interest in that contract.

33. Defendant Lion, through the actions of Mosely and Henson, its employees, willfully and intentionally interfered with Plaintiff's contract by not allowing Plaintiff to return to work at the Lion Jobsite solely because he was an African-American supervisor. Defendant Lion's discriminatory conduct based on race is prohibited by both state and federal law.

34. Defendant Lion's interference proximately caused injury to Plaintiff, which resulted in lost pay and benefits and mental anguish.

35. Plaintiff's injury resulted from Defendant Lion's actual malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code § 41.003(a).

### H. ATTORNEY'S FEES

36. Plaintiff is entitled to an award of attorney's fees for its Title VII and § 1981 claims under Title VII, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 1988.

### I. JURY DEMAND

37. Plaintiff respectfully demands a trial by jury and has tendered the appropriate fee for same.

### J. DAMAGES

38. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered the following injuries and damages:

   a. Plaintiff was discharged from his employment resulting in lost pay and benefits. Plaintiff seeks to recover all actual damages, including but not limited to back pay, front pay, and compensation for past, present, and future lost benefits, including loss of Social Security benefits.

   b. Reinstatement of Plaintiff in his previous position is impractical and unworkable. Therefore, Plaintiff seeks an award of front pay and retirement benefits to compensate him.

   c. Plaintiff seeks compensatory damages available for mental anguish and distress suffered as a result of his unlawful termination and seeks recovery of mental anguish damages.

   d. As set forth above, Plaintiff is entitled to his costs of suit and reasonable and necessary attorney's fees.

   e. Based on Defendants' discriminatory conduct and blatant and deliberate disregard for anti-discrimination laws, Plaintiff seeks punitive or exemplary damages against both Defendants. Plaintiff also seeks exemplary damages against Defendant Lion based on Lion's malice in tortuously interfering with Plaintiff's employment contract with Kilgore.

   f. Plaintiff also seeks prejudgment interest on all lost wages and benefits and postjudgment interest on all sums, including attorney's fees.

## K. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that upon final trial hereof, the Court:

a. Award Plaintiff actual damages due to him under the law, including but not limited to back pay, front pay, and compensation for past, present and future lost benefits;

b. Compensatory damages;

c. Damages for mental anguish;

d. Punitive damages;

e. Reasonable attorney's fees;

f. Costs of suit; and

g. All other relief the Court deems appropriate.

Respectfully submitted,

**BERNSEN LAW FIRM**

_____
Christine L. Stetson
State Bar No. 00785047
cstetson@bernsenlaw.com
David E. Bernsen
State Bar No. 02217500
dbernsen@bernsenlaw.com
420 N. MLK, Jr. Pkwy
Beaumont, Texas 77701
409/212-9994 – Telephone
409/212-9411 – Facsimile

**ATTORNEYS FOR PLAINTIFF**